# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARSHA MOORE, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 2:06-CV-2009-VEH |
| ] | |
| BLOUNT COUNTY BOARD OF ] | |
| EDUCATION, ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

Plaintiff Marsha Moore ("Moore") initiated this Title VII lawsuit on October 5, 2006. (Doc. #1). Moore filed an amended complaint (Doc. #5) on October 20, 2006. The court has before it Defendant Blount County Board of Education's ("BOE") Motion to Dismiss and/or Strike (Doc. #9) filed on November 1, 2006. Also on November 1, 2006, the court entered a briefing schedule which allowed Moore eleven (11) days to file any opposition to the BOE's motion. However Moore, who is represented by counsel, neglected to file any response. Under the circumstances, the court can only conclude that the motion is unopposed, and that Moore has waived the right to be heard in opposition to same.

A number of federal courts have declared that a motion to dismiss may be

properly granted under these circumstances without reaching the merits, based on the theory that (i) plaintiff's failure to respond operates as a concession that the motion should be granted, or (ii) dismissal is appropriate as a sanction for failure to prosecute or to obey the court's orders. *See Fox v. American Airlines, Inc.,* 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (finding no error where district court granted motion to dismiss based on reasoning that plaintiffs' failure to respond to motion within prescribed time renders motion conceded); *Pomerleau v. West Springfield Public Schools,* 362 F.3d 143, 145 (1st Cir. 2004) (citing authority for proposition that court may treat failure to respond to motion to dismiss as procedural default where court had ordered response, unless granting motion would offend equity or conflict with federal rules); *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991) (explaining that if a party represented by counsel fails to respond to a motion to dismiss, district court may treat motion as unopposed and subject to dismissal without merits analysis).

    However, these authorities are not unanimous. *See Issa v. Comp USA,* 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted"); *Boazman v. Economics Laboratory, Inc.,*

537 F.2d 210, 213 (5th Cir. 1976) (holding that plaintiff's initial failure to respond to motion to dismiss and subsequent failure to respond after express order to do so within ten days were insufficient grounds for dismissal).

In the wake of a thorough review of the foregoing authorities and with due regard for the status of *Boazman* as binding authority, the court deems it proper to consider the BOE's Motion to Dismiss and/or Strike on the merits, notwithstanding Moore's failure to respond. That said, "the court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her." *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 19 (1st Cir.1990); *see also Lyes v. City of Riviera Beach, Fla.,* 126 F.3d 1380, 1388 (11th Cir.1997) (explaining that "the onus is upon the parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir.1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it [on a motion to dismiss]."); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.") (citing *Dunmar Corp.*, 43 F.3d at 599).

For the reasons hereinafter set forth and as analyzed on the merits, the BOE's Motion to Dismiss and/or Strike is due to be granted in part and denied in part.

## II.   STANDARD ON MOTION TO DISMISS

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002)(citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)(emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America,*

*S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

## III.  PROCEDURAL BACKGROUND

Moore's lawsuit stems from two (2) charges of discrimination:  Charge No. 130-2004-02216, which was filed on March 22, 2004, and alleges sexual harassment by her supervisor Walter Self (the "Sexual Harassment Charge"); and Charge No. 130-2005-06361, which was filed on May 6, 2005, and alleges retaliation on the part of BOE (the "Retaliation Charge").  (*See* respectively, Doc. #9 at Ex. A; Doc. #9 ¶ 6).

The EEOC issued a Dismissal and Notice of Right to Sue ("Right to Sue") on the Sexual Harassment Charge on September 30, 2004.  (Doc. #9 at Ex. B).  Over one (1) year later, Moore filed her Title VII lawsuit on October 5, 2006.  (Doc. #1).

## IV.  ANALYSIS[1]

### A.  Administrative considerations relevant to Moore's Title VII action

---

[1]The court's review of the BOE's motion on a Rule 12(b)(6) basis is consistent with the parameters of the record before it.  *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir.1997) (recognizing that appropriate documents for court to consider when ruling on a Rule 12(b)(6) motion include the complaint, any attachments, and any additional documents referenced therein that "are central to the plaintiff's claim") (citation omitted).  Central to Moore's claims is her ability to show that she has satisfied the administrative prerequisites to bringing a lawsuit under Title VII, which makes the court's consideration of the EEOC records offered by the BOE appropriate under Rule 12(b)(6).  (*See, e.g.,* Doc. #5 ¶ 10 ("The Plaintiff timely filed her lawsuit within 90 days of the receipt of her right-to-sue letter from the EEOC.")).

### 1.      Ninety (90)-Day Statute of Limitations

The BOE's Motion to Dismiss and/or Strike seeks to dismiss all Moore's allegations of sexual harassment due to the untimeliness of Moore's lawsuit as it pertains to the substance of the Sexual Harassment Charge.[2] Under Title VII, a party has 90 days to file civil lawsuit after receiving a right to sue notice from the EEOC. 42 U.S.C. § 2000e.  More specifically with respect to the timely initiation of a lawsuit by the charging party under Title VII:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and **within ninety days after the giving of such notice** a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

---

[2] The BOE does not challenge the timeliness of the allegations contained in the Retaliation Charge.  (Doc. #9 at 2).

42 U.S.C. § 2000e-5(f)(1) (emphasis added).  Therefore, "Title VII actions may not be brought more than ninety days after a complainant has adequate notice that the EEOC has dismissed the charge." *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (citing *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339-41 (11th Cir. 1999)); *see also Portera v. State of Alabama Dep't of Finance*, 322 F. Supp. 2d 1285, 1289 n.3 (M.D. Ala. 2004) (noting that because the plaintiff failed to file a lawsuit within ninety days of receiving a right-to-sue notice, "her claims relating to this first EEOC charge cannot be heard by the court").  "This ninety-day limit is strictly enforced in the Eleventh Circuit." *Blocker v. AT&T Tech. Sys.*, 666 F. Supp. 209, 213 (M.D. Fla. 1987) (citing *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983)).

      **2.**    **Notice of Right to Sue**

Regarding adequate notice of a party's right to sue, the Eleventh Circuit has summarized:

> We have said generally that "statutory notification is complete only upon actual receipt of the right to sue letter." *Franks v. Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S. Ct. 1251, 47 L. Ed. 2d 444 (1976).  We, however, do not employ a rule determining when a complainant has received notice of the right to sue. *See Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1087 (11th Cir. 1982).  Rather, we have imposed upon complainants some "minimum responsibility . . . for an orderly and expeditious resolution" of their claims, and we have expressed concern over

> enabling complainants to enjoy a "manipulable open-ended time extension which could render the statutory minimum meaningless." *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1340 (11th Cir.1999) (citation omitted); *see also Bell*, 693 F.2d at 1087. In our circuit, the 90-day limitations period is to be analyzed on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control. *Zillyette*, 179 F.3d at 1340 (citation omitted).

*See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). Accordingly, adequate notice within the Eleventh Circuit is a function of reasonableness under the particular circumstances of each case.

> **B.  Application of Title VII's administrative prerequisites means that Moore's sexual harassment allegations are procedurally barred because they are untimely based upon a reasonable and totality assessment of the circumstances surrounding notice.**

In this instance (and in the absence of any allegation to the contrary), Moore should have received her Right to Sue on the Sexual Harassment Charge at some point during the beginning of October 2004 (*i.e.*, three (3) days after September 30, 2004, the date on which the Right to Sue notice issued, if the EEOC mailed the Right to Sue on the same date that it issued the notice, or possibly a few more days based

upon normal EEOC mailing procedures).³ *See, e.g., Kerr*, 427 F.3d at 953 ("Given three days for delivery of mail, Kerr and Green Smith should have received the RTS letters by 12 January 2003, or called to inquire why they had not.") (footnote omitted).

However, Moore did not file her lawsuit against the BOE, until October 5, 2005, which is approximately one (1) year (and necessarily over ninety (90) days) after the date on which she would have been presumed to have received her Right to Sue on the Sexual Harassment Charge under normal circumstances. Alternatively, the failure of any actual receipt of notice on the Sexual Harassment Charge demonstrates a failure on Moore's part "to assume some minimum responsibility" for monitoring its status, especially in light of her subsequent communication with the EEOC on the Retaliation Charge in May 2005.

Accordingly, the substance of Moore's Sexual Harassment Charge is procedurally barred because Moore is unable to prove any set of facts that would cure its untimeliness, and the BOE's Motion to Dismiss and/or Strike is due to be granted as to the actionability of Count I to Moore's amended complaint (*i.e.*, for hostile environment). On the other hand, the BOE's Motion to Dismiss and/or Strike is due

---

³*See Kerr*, 427F.3d at 950 ("General EEOC practice is to mail them out the day they are dated, or within the following two days, at the latest. Because such letters are mailed by a clerk, however, the exact date of mailing is not confirmable.").

to be denied to the extent it seeks to dismiss and/or strike the sexual harassment allegations from the amended complaint entirely, as they are integral as background relating to the timing and substance of Moore's retaliation count.

## V. CONCLUSION

As analyzed above, the BOE's Motion to Dismiss and/or Strike is due to be granted on Moore's hostile environment claim (*i.e.*, Doc. #5 at Count I), but denied, because of their interrelatedness to her retaliation count, to the extent that it seeks this court to dismiss and/or strike the sexual harassment allegations (*i.e.*, Doc. #5 at Count II). The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 5th day of December, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge